PER CURIAM.
Larry Robert Jordan has filed a petition for writ of habeas corpus, alleging that he is being illegally detained. Jordan has filed this petition because he and his counsel were not notified of decisions made on motions for postconviction relief and for correction of sentence. Jordan now wishes to raise these same issues in this petition. Jordan alleges that the trial court lacked jurisdiction to sentence him for robbery; he received ineffective assistance of counsel at the change of plea and sentencing hearing because his counsel entered pleas of guilty to both counts in violation of the plea agreement; and he received ineffective assistance of counsel in that his attorney failed to enforce the plea agreement.
The state charged Jordan with robbery (Count I) and grand theft (Count II). Jordan entered into a plea agreement whereby he would plead guilty to the two counts for the consideration that he would not be treated as a habitual violent felony offender. At the change of plea and sentencing hearing, the assistant state attorney notified the court that Jordan could be convicted of only the robbery and not the grand theft due to double jeopardy considerations. At one point during the hearing the trial judge misspoke and referred to the grand theft charge as Count I instead of Count II. After a review of the transcript of the change of plea and sentencing hearing, we conclude that Jordan knew that he was pleading guilty to both the robbery and the grand theft charge. It is evident from the transcript that all those present at the hearing understood that the court intended to dismiss the grand theft count and adjudicate Jordan guilty of robbery. The court then imposed a legal sentence thereon.
The petition for writ of habeas corpus is denied.
PARKER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.